UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD H. BEAN,                              Case No. 15-13723

            Plaintiff,                   Denise Page Hood
v.                                           Chief United States District Judge

COMMISSIONER OF SOCIAL                       Stephanie Dawkins Davis
SECURITY,                                    United States Magistrate Judge

            Defendant.
_____/

**REPORT AND RECOMMENDATION**
**MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)(1)**

## I.    PROCEDURAL HISTORY

On October 21, 2015, plaintiff Edward Bean filed the instant suit seeking

judicial review of the Commissioner's unfavorable decision disallowing benefits.

(Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), Chief

District Judge Denise Page Hood referred this matter to then Magistrate Judge

Michael Hluchaniuk for the purpose of reviewing the Commissioner's decision

denying plaintiff's claim for disability insurance benefits and supplemental

security income.  (Dkt. 3).  This matter was reassigned to the undersigned on

January 5, 2016.  *See* Text-Only Order dated January 5, 2016.  On April 8, 2016,

the Court entered a stipulation and order remanding the case under sentence four of

42 U.S.C. § 405(g).  (Dkt. 13).  The Court then entered judgment in plaintiff's

favor.  (Dkt. 14).  On April 15, 2018, the parties stipulated to an order awarding attorney fees in the amount of $4,000.00 under the Equal Access to Justice Act (EAJA).  (Dkt. 15).

On November 21, 2018, plaintiff then filed this motion for attorney fees under 42 U.S.C. § 406(b)(1) in the amount of $14,000.00.  (Dkt. 16).  Plaintiff's counsel explains that the $14,000.00 represents 25% of the total past-due benefits award.  (Dkt. 16, at p. 9).  The government filed a response indicating that plaintiff's motion is unopposed.  (Dkt. 17).  The Commissioner adds that typically if an attorney is awarded fees pursuant to both 42 U.S.C. § 406(b) and EAJA, 28 U.S.C. § 2412(d), the attorney must remit the smaller of the two awards to the claimant.  Here, although plaintiff was awarded $4,000.00 in fees under EAJA, the entire amount was applied by the Department of the Treasury to satisfy plaintiff's pre-existing debt.  (Dkt. 17, at Pg ID 599; Dkt. 16, at p. 8).  Thus, the government concedes that there is no amount for plaintiff's attorney to remit here.   This matter has been referred to the undersigned for report and recommendation.  (Dkt. 18).

Regarding the parties' lack of consent, the Commissioner expressly states that she has no objection to plaintiff's counsel's request for fees under 42 U.S.C. § 40 6(b) in the amount of $14,000.00.  (Dkt. 17, Pg ID 598-99).  Additionally, the undersigned has reviewed plaintiff's counsel's submissions including amongst other things his hours worked on the district court action, 2017 Attorney Hourly

Billing Rates published by the State Bar of Michigan (Dkt. 16-5) and the operative fee agreement (Dkt. 16-2). The hours indicated do not appear to be inordinate. Further, as noted by the Commissioner, the fee amount requested is less than twenty-five percent of plaintiff's award and thus is presumptively reasonable. *Lowery v. Comm'r of Soc. Sec.*, 940 F. Supp. 2d 689, 691 (S.D. Ohio 2013). Moreover, the undersigned finds that an award of $14,000 would not present plaintiff's counsel with a windfall as such a payment amounts to less than twice the standard rate in this market. *Id.* (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990)). I therefore conclude that the fee amount is reasonable for the services rendered.

## II.    RECOMMENDATION

Based on the foregoing agreement of the parties, the undersigned **RECOMMENDS** that (1) plaintiff's motion for attorney fees be **GRANTED** and (2) the Court award $14,000.00 in attorney fees to plaintiff's counsel.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 11, 2019            s/Stephanie Dawkins Davis
                                Stephanie Dawkins Davis
                                United States Magistrate Judge


## CERTIFICATE OF SERVICE

I certify that on April 11, 2019, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

s/Sara Krause, acting in the absence of
Tammy Hallwood, Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov